42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Heriberto RIOS-GONZALEZ, Defendant-Appellant.
 No. 94-30015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Heriberto Rios-Gonzalez appeals his conviction following a jury trial for being found in the United States after a prior deportation and following an aggravated felony conviction, in violation of 8 U.S.C. Sec. 1326(a), (b)(2). Rios-Gonzalez contends that the government presented insufficient evidence to prove that he was an alien. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 In evaluating the sufficiency of the evidence, we ordinarily review the evidence in the light most favorable to the prosecution to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). Because Rios-Gonzalez did not move in the district court for a judgment of acquittal under Fed.R.Crim.P. 29(a), we review for plain error affecting substantial rights. United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994); see United States v. Olano, 113 S.Ct. 1770, 1779 (1993).
 
 
 4
 In order to convict a defendant under 28 U.S.C. Sec. 1326, the government must prove beyond a reasonable doubt that the defendant is an alien. See Ortiz-Lopez, 24 F.3d at 55. Because the burden of proof in deportation proceedings is by clear and convincing evidence, proof that the defendant was previously deported is insufficient to show that the defendant is an alien. S ee id. at 55-56.
 
 
 5
 The evidence was sufficient to support Rios-Gonzalez's conviction. The government presented documentary evidence, unrelated to the factual findings in Rios-Gonzalez's previous deportation hearing, showing that Rios-Gonzalez was born in Mexico. Moreover, an Immigration and Naturalization Service agent testified that he maintains files on aliens and has such a file for Rios-Gonzalez. Thus, a rational jury could find that Rios-Gonzalez is an alien. See Marashi, 913 F.2d at 735; cf. Ortiz-Lopez 24 F.3d at 56.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3